IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BERNARD JERRY,                          :
             Plaintiff                  :
       v.                               : Case No. 3:08-cv-125-KRG-KAP
JEFFREY BEARD, et al.,                  :
             Defendants                 :

## MEMORANDUM ORDER

This matter was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C.§ 636(b)(1), and subsections 3 and 4 of Local Rule 72.1 for Magistrate Judges.

The Magistrate Judge filed a Report and Recommendation on January 19, 2010, docket no. 42, recommending that defendants' motion to dismiss, docket no. 23, be granted, or in the alternative that the complaint be dismissed under 28 U.S.C.§ 1915A for failure to state a federal claim, without prejudice to proceeding in state court on plaintiff's claim that defendants have failed to return his property.  The Report and Recommendation implicitly recommended denial of docket no. 38, which plaintiff styled as a motion for summary judgment.

The parties were notified that, pursuant to 28 U.S.C.§ 636(b)(1), they had ten days to file written objections to the Report and Recommendation.  Plaintiff filed timely objections, docket no. 43, which do not entirely correspond to the original complaint (for instance the plaintiff alleges a denial of medical care which is unrelated to the confiscation of personal property alleged in the complaint), and which do not show that plaintiff is

entitled to litigate his claims for deprivation of personal property in federal court. There are two separate issues raised by the complaint: whether the original confiscation of plaintiff's proposed book violated any right of plaintiff's, and whether the alleged failure of the Pennsylvania Department of Corrections to return the proposed book violated any right of plaintiff's.

Defendants (or at least defendant Kessler) appear to allege that it was not "Pinky Pigg" but rather other material that was seized. For purposes of the motion to dismiss the plaintiff's allegations are taken as true, but neither the Due Process Clause nor the Fourth Amendment prevents defendants from seizing what they believe to be evidence of a violation of prison rules (and in fact plaintiff's disciplinary sanction was found to be supported by some evidence). The alleged initial seizure of plaintiff's book "Pinky Pigg," if it happened, would violate no right of plaintiff.

If defendants did fail to return plaintiff's book as plaintiff alleges, an allegation which not only must be assumed to be true for purposes of the motion to dismiss but which even counsel for the defendants is uncertain about, Defendants' Brief in Support of Motion to Dismiss at 7, docket no. 24 at 7, the Report and Recommendation is correct that the place to litigate that claim is the state court.

Upon de novo review of the record of this matter, and the Report and Recommendation and timely objection thereto, the following order is entered:

AND NOW, this 24th day of February, it is

ORDERED that defendants' motion to dismiss, docket no. 23, is granted, and the complaint is dismissed without prejudice to plaintiff proceeding in state court under 42 Pa.C.S.§ 5103 on his state law claims. The Report and Recommendation is adopted as the opinion of the Court. The Clerk shall mark this matter closed.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Notice by ECF to counsel of record and by U.S. Mail to:

    Bernard Jerry AP-3307
    S.C.I. Cresson
    P.O. Box A
    Cresson, PA 16699-0001